Edwards, Ch. J.
delivered, the opinion of the court. After a statement of the case, he proceeded : — The complainant in the original cause, could have had no decree, unless South’s claim was invalid, or surveyed contrary to location ; so that the matter to which evidence is offered in the bill of review, was either necessarily in issue, or might have been put in issue by South. '
The doctrine of bills of review, as stated in the decision of Respass, &c. vs. M'Clanahan, at this term, need1, not be repeated. This case, however, has been said to differ from that, in this — that the matter of the notoriety, or the precise situation of Irvine’s improvement, was not in issue ; that not a single deposition was. taken In the original cause, as to the improvement, on either side.
Whether witnesses had been examined to support the. issue, or not, does by no means constitute the basis of the decision of Respass, &c. vs. M'Clanahan, as this argument would seem to infer.
vSouth’s. claim was a village right, and depended-for its locality and precision, upon Irvine’s improvement. If the improvement was notorious at the date of South’s entries with the surveyor, and the fact was known to him, he ought to have used it for his defence, in the original, cause ; and the omission to put it in issue, can be ascribed to his negligence only. He does not state in his bill of review, that previous to thy decree, he was ignorant of the fact itself ; the existence of Irvine’s improvement ; or that he knew of no witnesses to prove th* fact, other than the four named. If the fact was unknown to him, he should have stated it so, expressly, in his bill, otherwise, it must be taken that he knew it.
But an allegation from South, that he himself did not know that such an improvement or cabin as that called for in his certificate of village right, existed, would have been a bold stroke at the notoriety of the improvement — the very prop and strength of his claim. The very term notorietv, imports diffusive knowledge of,' and acquaintance with the subject said to be notorious». *455 if such notoriety was actually attached to Irvine’s cá--bin, as to render it a good object of location, as used in his entries, then it follows, that during the pendency of the original suit, he might, by using reasonable diligence, have found out, and applied to some of the witnesses to whom it had been known, or who gave him the information originally ; and, if necessary^ have procured a prolongation of the time for taking depositions.
But it has been said, that in his answer to the original bill, which is a part of his bill of review, he has accounted for this omission, by swearing that his son managed ■the claim principally for him.
This affords another objection against the application for the review ; for he should, in such case, have sworn, not only that the new matter was not within his own knowledge, but also, he believed it was not within his •agent’s knowledge, before the pronunciation of the decree. The applicant must make out his case completely, in his bill, and not leave chasms to be supplied, by. Intendment : no implication in favor of a bill of review, can be indulged. The interest of the whole community requires that there should be some end to controversies. If the matter was material for his defence, (and he has not stated that it was unknown to him before the decree) he was bound to have put it in issue, and to have availed himself of it by proof if required : the neglect of either, cannot be cured or excused, by the discovery of witnesses, or “ testimony,” to the matter, subsequent to the decree. If the rule of defence should be permitted in chancery, so far to differ from that at law, as to enable a defendant to split and divide his case into as many separate and distinct matters of defence as it was capable of, and to bring them on to several successive trials, proceedings in ehancery, now tedious enough, might become endless to every common intent of justice.
Upon application for review, it is not enough that the matter should be new, but it must also be material; and 'so shewn to be in the bill. And that question is also embraced by a demurrer. Upon this application, the affidavits of the four witnesses discovered, were exhibited as a part of the bill; by reference to them, it does mot appear that their testimony was material to the support of South’s entries. His certificate and entries call for Irvine’s cabin / those affidavits allude only to belted *456 3⅜4 Sharked trees, as Rrvine’s improvement; feotfto *⅛^ ⅜⅜⅛⅜ know® ot called Irvine’s cabin, or t© any cahiá lltoik by him.
Bilk of review, which Seek to open a cause again, for testimony, after the parties have, by the opinion and decree’ found the weaker parts of their case, must be received with great caution, utJints sitlitium.
The cause has been examined Upon the demurrer ta the bill adfcy; upon which, it is the opinion of the court, that the said bill contains no foundation for a review; and, therefore, that the judgment of the -court, in overruling the demurrer, was erroneous ; and also, the com Sequent decree.- — —--Decree reversed.